## George Earle & al. vs. Franklin Clark & al.

Where the person offered as a witness made the machines, which were the subject of controversy, and were alleged, to have been sold by the plaintiff to the defendant, from materials furnished by the plaintiff, who made advances to the laborers employed; and where the machines, when made, were to be the property of the plaintiff, and upon the sale thereof, after deducting his disbursements and commissions, the plaintiff was to account to the witness for the surplus; *it was held,* that the witness was interested, and incompetent to testify in support of the action.

Where there is other evidence of the sale and delivery of goods, the agent by whom the sale is made, if interested, is not a competent witness to prove the sale and delivery.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

Assumpsit for clapboard and shingle machines. Among the objections made by the counsel for the ·defendants, at the trial, and overruled by the Judge, was one to the admission of *Nahum Houghton,* as a witness, on the ground, that he was interested, and had sold the machines to the defendants and had an interest in making them pay therefor. The exceptions were sustained by the consideration of this point alone, and the facts bearing upon it appear in the opinion of the Court. The exceptions were filed by the defendants.

Earle *v.* Clark.

The argument was in writing, by *Fessenden & Deblois,* for the defendants, and by *Everett,* for the plaintiffs.

For the defendants, it was said, that the witness objected to was directly interested, and the testimony in the case was examined to show such to be the fact. The true principle is stated in *Scott* v. *McLellan,* 2 *Greenl.* 205. " In order to exclude altogether testimony, which might be liable to bias, by the general principles of the law of evidence, any direct interest however small, renders the witness incompetent." 4 *Johns. R.* 293 ; 2 *Esp. R.* 735. The pay of the witness depended upon the sale, and this alone is sufficient to exclude him. 1 *Caines,* 363 ; *Marland* v. *Jefferson,* 2 *Pick.* 240 ; 2 *Dallas,* 50 ; *New-York Slate Co.* v. *Osgood,* 11 *Mass. R.* 60 ; 5 *Johns. R.* 427 ; *ib.* 254 ; 10 *Conn. R.* 280 ; 2 *Stark. Ev.* 770 ; 3 *Yeates,* 172 ; 1 *Camp.* 381.

For the plaintiffs, it was argued : —

1. That the case was proved by adequate testimony, exclusive of that objected to. The testimony of *Houghton* being superfluous and only cumulative ought not to be a cause for a new trial. 2 *Stark. Ev.* 758 ; *Prince* v. *Shepherd,* 9 *Pick.* 176.

2. *Houghton* was not interested, because his compensation did not depend on the plaintiffs' getting their pay. He is not interested in this question, and the verdict will settle no rights of his. *Austin* v. *Walsh,* 2 *Mass. R.* 401 ; *Lang* v. *Fisk,* 2 *Fairf.* 385 ; *Peake's Ev.* 144 ; *Locke* v. *N. A. Ins. Co.,* 13 *Mass. R.* 64 ; *Burt* v. *Nichols,* 16 *Pick.* 560.

3. The witness was competent to testify by the well established rules applicable to the admission of the testimony of agents and factors acting in the course of business. 1 *Phil. Ev.* 94 ; 2 *Stark. Ev.* 54, 753, 758 ; *Phillips* v. *Bridge,* 11 *Mass. R.* 245 ; *Brown* v. *Babcock,* 3 *Mass. R.* 29 ; *Fisher* v. *Willard,* 13 *Mass. R.* 379 ; *Peake's Ev.* 165, *note B* ; *Franklin Bank* v. *Freeman,* 16 *Pick.* 535 ; *Burt* v. *Nichols, ib.* 560 ; *Burrage* v. *Smith, ib.* 56.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — Several objections were taken at the trial in the Court below, none of which have been insisted upon in argu-

ment, except that made to the competency of *Nahum Houghton* as a witness. He made the machines, which are the subject in controversy. The materials were furnished by the plaintiffs, and they made advances to the laborers employed, and the machines when made were to be their property. Upon the sale of the machines, after deducting their disbursements and a commission, they were to be accountable to *Houghton* for the surplus. The witness then was interested in verifying a sale to the defendants, inasmuch as the plaintiffs thereby became accountable to him for the proceeds, which he must have considered more valuable, than the unsold product of his labor. His business could not have been prosecuted beneficially, if at all, unless sales could be effected. He had a direct interest also in the price, upon the amount of which his claim upon the plaintiffs depended.

In certain cases, an agent may be admitted, although interested, from the necessity of the case. No such necessity existed here, for there was other evidence of a sale and delivery to the defendants. And it is contended, that for this reason, the exceptions ought not to be sustained, and the verdict set aside. The testimony of the witness however was material, and was calculated to have an important bearing upon the cause. There may have been other sufficient evidence of a sale and delivery ; but whether the machines had been faithfully made, and of suitable materials, and whether their value had or had not been impaired by previous use, was controverted, in regard to all which, *Houghton* was the principal witness for the plaintiff, although there was other corroborating testimony. Upon the whole, we are of opinion, that his testimony was not legally admissible ; and upon this ground, we sustain the exceptions. The verdict is therefore set aside, and a new trial granted,